UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALAN ZILINSKI, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:06-cv-1512 (WWE) |
| | : | |
| EARTH TECH, | : | |
|     Defendant. | : | |

**MEMORANDUM OF DECISION ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

In this action, plaintiff Alan Zilinski alleges that Earth Tech violated his rights under the Age Discrimination in Employment Act ("ADEA"), American with Disabilities Act ("ADA"), the Rehabilitation Act, Title VII, the Equal Pay Act and the Connecticut Fair Employment Practices Act ("CFEPA"). Plaintiff has, in addition, asserted claims of negligent and intentional infliction of emotional distress. Now pending before the Court is defendant's motion for summary judgment. For the following reasons, the motion for summary judgment will be granted.

**BACKGROUND**

The parties have submitted briefs, a stipulation of facts and supporting exhibits, which reflect the following factual background.

Defendant Earth Tech has operated and maintained the water and wastewater treatment systems for the City of New London ("City") since March 2003. Earth Tech has a collective bargaining agreement with the Local #1303-395 of Council #4 American Federation of State, County and Municipal Employees, which sets forth specific procedures relative to, <u>inter alia</u>, sick leave and grievances.

1

Plaintiff, who was born in 1952, began work at the wastewater treatment facility in 1985, when it was operated by the City. When Earth Tech assumed the wastewater treatment's operation, plaintiff became an Utility Leadman for Earth Tech. Project Manger Fred Costanzo was plaintiff's direct supervisor.

As Utility Leadman, plaintiff's essential job functions required walking, sitting, bending, standing, lifting and/or carrying 60 pounds, and using various heavy machinery and tools such as jackhammers and back hoes. He was required to work more than a 40-hour week.

When plaintiff began work for Earth Tech, his physician had restricted him from using impact tools and jackhammering due to prior injuries. In September 2003, plaintiff's physician imposed an additional fifteen-pound lifting restriction. Earth Tech accommodated plaintiff's medical restrictions.

In January 2004, Earth Tech terminated plaintiff for his alleged failure to comply with the sick leave procedure set forth in the collective bargaining agreements. The Union filed a grievance challenging plaintiff's termination, and the parties reached a resolution on March 19, 2004. Earth Tech reinstated plaintiff's pay, benefits and seniority effective February 9, 2004. Plaintiff was considered to have been suspended without pay from January 24, 2004 to February 4, 2004.

When plaintiff returned to work in March 2004, he was reassigned to the Meter Department, where he continued to earn the same pay as his Utility Leadman position. Plaintiff did not object or file a grievance relative to his reassignment.

Plaintiff's new supervisor was Vickie Videll and his primary responsibilities in the new position included taking meter readings, installing new meters, and servicing

2

existing meters. His essential job functions required driving, walking, sitting, bending, standing, lifting and carrying 60 pounds, and climbing fences and ladders.

Prior to leaving for vacation on October 11, 2004, Videll instructed plaintiff to perform meter readings after he had completed other assignments. When Videll returned on October 25, 2004, she perceived that plaintiff had performed no meter readings, although other tasks had been completed for several days. Consequently, Earth Tech suspended plaintiff for ten days.

On November 22, 2004, plaintiff filed a grievance in accordance with the collective bargaining agreement. Plaintiff, the Union and Earth Tech agreed that plaintiff's suspension would be reduced to three days and that it would be removed from plaintiff's file on December 31, 2005.

By December 2004, plaintiff's doctors had imposed the following medical restrictions on plaintiff's work: no impact tools; no jackhammering; no lifting above fifteen pounds; no repetitive overhead work; a limitation on the amount of time that plaintiff could drive; a five-minute break every one to two hours; and one fifteen-minute break every hour as needed.

In a memo to plaintiff dated December 7, 2004, the local Project Manager, Fred Costanza, informed plaintiff that Earth Tech was placing plaintiff on an unpaid medical leave. Earth Tech then hired Derrick Palmerone, who was under 40-years old, to take plaintiff's position in the Meter Department.

On May 2, 2005, plaintiff provided Earth Tech with a note from his physician stating that he would be able to return to work with no restrictions on May 9, 2005.

Prior to allowing plaintiff to return to work, Earth Tech required that plaintiff submit to a fitness for duty exam pursuant to company policy.

On June 6, 2005, plaintiff returned to work. Earth Tech assigned plaintiff to the only available position, which was Utility Laborer with less pay than his prior position. Plaintiff did not grieve his reassignment, and he continues to work for Earth Tech in this position.

**DISCUSSION**

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir. 1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Liberty Lobby, 477 U.S. at 24.

**I.      Age Discrimination Claim**

Plaintiff alleges that he lost his position in the Meter Department and was forced to accept a position with less pay when he returned to work as a result of age discrimination in violation of the ADEA.

The ADEA prohibits treating an age-protected individual less favorably than other individuals on account of his age. 29 U.S.C. § 623(a); Stanojev v. Ebasco Servs, Inc., 643 F.2d 914, 923 (2d Cir. 1981). A cause of action under the ADEA requires evidence that plaintiff's age was a factor that made a difference in deciding conditions of plaintiff's employment. Geller v. Markham, 635 F.2d 1027, 1035 (2d Cir. 1980). The ADEA requires that "an employee's age be treated in a neutral fashion, neither facilitating nor hindering advancement, demotion or discharge." Parcinski v. Outlet Co., 673 F.2d 34, 37 (2d Cir. 1982).

Where there is no direct evidence of discrimination, an ADEA claim is analyzed under the shifting burdens procedure described in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-804 (1973).[1] Under this rubric, plaintiff must first establish a prima facie case of discrimination. Getschmann v. James River Paper Co., Inc., 822 F.Supp. 75, 77 (D. Conn. 1993). Defendant must then articulate a legitimate, non-discriminatory reason for taking the actions that establish the prima facie case. The reason provided must be both "clear and specific." Meiri v. Dacon, 759 F.2d 989, 997 (2d Cir. 1985). If defendant satisfies this requirement, plaintiff must show that defendant's proffered

---

[1]    An ADEA claim is analyzed pursuant to the same framework applicable to Title VII as considered in McDonnell Douglas. Scaria v. Rubin, 117 F.3d 652, 653 (2d Cir. 1997).

5

reason is a pretext for discrimination.  Plaintiff is not required to prove that the prohibited motivation was the sole or even the principal factor in the decision, or that the employer's proffered reasons played no role in the employment decision, but only that those were not the only reasons and that plaintiff's protected status contributed to the employer's decision.  Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 78 (2d Cir. 2001).

The ADEA requires plaintiff to establish that (1) he was a member of the statutorily age-protected group of 40 to 70 years; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination.  Terry v. Ashcroft, 336 F.3d 128, 137-38 (2d Cir. 2003).  At this stage, plaintiff's burden is minimal.  Fisher v. Vassar College, 114 F.3d 1332, 1335 (2d Cir. 1997).

The Court assumes, for purposes of ruling on this motion, that plaintiff has satisfied the prima facie case.   However, defendant has proffered that it placed plaintiff on medical leave because his medical restrictions prevented him from performing the essential functions of his job, that Earth Tech filled the position while plaintiff was on medical leave and placed plaintiff in the only position available when plaintiff returned to work.   The fact that defendant hired an individual twelve years younger than plaintiff to replace him after an indefinite medical leave does not by itself raise an inference of age discrimination that would undermine defendant's legitimate business justification.  See Cousins v. Howell Corp., 113 F. Supp. 2d 262 (D. Conn. 2000).

Plaintiff maintains that he heard another Earth Tech employee, John Marcin, make an ageist comment relative to terminating older employees who incurred more

6

vacation time, medical costs, and higher rates of pay. However, no evidence indicates Marcin made any decision concerning the alleged adverse employment action at issue. Stray remarks by non-decision-makers do not support a finding of discrimination. Tomassi v. Insignia Financ. Group, Inc., 478 F.3d 111, 115 (2d Cir. 2007). Accordingly, plaintiff has failed to adduce evidence that defendant's proffered legitimate reasons are pretextual for age discrimination. Summary judgment will enter in favor of defendant.

## II. Disability Discrimination Claims

By his brief, plaintiff has indicated that he challenges Earth Tech's decision to place him on medical leave as a violation of the ADA.[2] Defendant argues that plaintiff does not have a disability covered by the ADA, and that he cannot prove a discriminatory motive.

Pursuant to the ADA, a plaintiff must establish that (1) the employer is subject to the ADA; (2) he is an individual who has a disability within the meaning of the statute; (3) he was otherwise qualified to perform the essential function of her job, with or without reasonable accommodation; and (4) that he suffered an adverse employment action because of his disability. Sista v. CDC Ixis North America, Inc., 445 F.3d 161, 169 (2d Cir. 2006). ADA claims are subject to the burden-shifting analysis of McDonnell-Douglas Corp., 411 U.S. 792. If plaintiff establishes a prima facie case, defendant must articulate a legitimate, non-discriminatory business reason for the alleged discriminatory action. Plaintiff must then prove by a preponderance of the

---

[2] Plaintiff represents that his allegations concerning the "termination" for job abandonment, the reassignment to the Meter Department, and suspension are not advanced as ADA violations but rather are alleged as background events leading to defendants' failure to accommodate his disability.

7

evidence that the supposed legitimate reason is actually a pretext for discrimination. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 515 (1993). A plaintiff bears a minimal burden on the prima facie case and need only demonstrate that he posses the basic skill necessary for the performance of the job. Sista, 445 F.3d at 171.

The Court assumes, for purposes of this ruling, that plaintiff has established a prima facie case. However, plaintiff has failed to show that defendant's reasons for placing plaintiff on medical leave are pretextual for disability discrimination. Defendant maintains that it found that the medical restrictions as prescribed by plaintiff's doctors to conflict with the essential functions of plaintiff's job. There is no evidence that defendant acted unreasonably or with a discriminatory intent when it relied on the prescribed medical restrictions in deciding to place plaintiff on medical leave. See Covelli v. National Fire Gas Distr. Corp., 49 Fed. Appx. 356, 357 (2d Cir. 2002).

It is undisputed that plaintiff returned to work when he was medically cleared of the restrictions. Defendant represents that he was placed in the only available position. No evidence indicates that defendant has offered a pretextual reason for plaintiff's reassignment as a Utility Laborer.

Summary judgment will enter on any alleged violation of the ADA.

### III. Retaliation Claims

Plaintiff alleges that defendant retaliated against him for filing his administrative complaint by demoting him to the Utility Laborer position when he returned to work.

The same McDonnell-Douglas burden shifting analysis applicable to discrimination claims applies equally to claims of retaliation Jetter v. Knothe Corp., 324 F.3d 73, 75 (2d Cir. 2003). A prima facie case of retaliation requires plaintiff to show by

a preponderance of evidence (1) that he engaged in protected activity, (2) that the employer was aware of the activity, (3) that the employer took adverse action against the plaintiff, and (4) that a causal connection exists between the protected activity and the adverse action.

Even if the Court assumes, for purposes of this ruling, that plaintiff has satisfied the prima facie case, his claim of retaliation still fails. As discussed, he has failed to adduce evidence indicating that defendant's legitimate business reason for reassigning plaintiff to the only available position at the time is actually pretextual for retaliation. Accordingly, summary judgment will be granted on this count.

### IV.     Uncontested Claims

Plaintiff represents that he cannot dispute defendant's arguments that summary judgment should enter on his claims pursuant to the Rehabilitation Act, Title VII, and the Equal Pay Act. Accordingly, summary judgment will enter on those claims.

### V.     State Law Claims

Plaintiff's remaining claims of CFEPA violations, intentional infliction of emotional distress, and negligent infliction of emotional distress arise under state law. Accordingly, under 28 U.S.C. § 1367(c)(3), the Court will decline to exercise supplemental jurisdiction over these claims. See Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003).

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment [Doc. # 55] as to plaintiff's federal claims.  Because the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims, these claims are dismissed without prejudice.

The Clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 13th day of August, 2008.

/s/
Warren W. Eginton
Senior United States District Judge