# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALAN ZILINSKI, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:06-cv-1512 (WWE) |
| | : | |
| EARTH TECH, | : | |
|     Defendant. | : | |

## MEMORANDUM OF DECISION ON
## DEFENDANT'S MOTION FOR RECONSIDERATION

On August 13, 2008, this Court granted summary judgment on plaintiff Alan Zilinski's claims that defendant Earth Tech violated his rights under the Age Discrimination in Employment Act ("ADEA"), American with Disabilities Act ("ADA"), the Rehabilitation Act, Title VII, and the Equal Pay Act. In its ruling, the Court declined to exercise supplemental jurisdiction over plaintiff's state law claims alleging violations of the Connecticut Fair Employment Practices Act ("CFEPA"), negligent infliction of emotional distress, and intentional infliction of emotional distress.

Defendant filed a motion for reconsideration of this Court's declination of supplemental jurisdiction on the ground that the Court retains original jurisdiction based on diversity of the parties. The motion for reconsideration will be granted.

## DISCUSSION

Reconsideration may be granted in the discretion of the court when a party can point out an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). The Court

1

agrees that it has original jurisdiction over the state law claims and should review them on the merits.

The Court incorporates herein the factual background and relevant legal analysis from its prior ruling on the motion for summary judgment.

CFEPA Claims

Plaintiff's CFEPA claims are subject to the same analytical framework as his federal discrimination claims. McInnis v. Town of Weston, 375 F. Supp. 2d 70, 85 (D. Conn. 2005) (age discrimination); Worster v. Carlson Wagon Lit Travel, Inc., 353 F. Supp. 2d 257, 267 (D. Conn. 2005) (disability discrimination and retaliation). In its prior ruling, the Court held that plaintiff had failed to adduce evidence establishing that defendant's legitimate business reasons for its employment actions were pretextual. Accordingly, summary judgment will enter on plaintiff's age discrimination, disability discrimination and retaliation claims pursuant to CFEPA for the same reason.

Negligent Infliction of Emotional Distress

Plaintiff alleges that defendant negligently inflicted emotional distress when it terminated his employment on January 28, 2004 (which employment was later reinstated), and when it placed plaintiff on a medical leave of absence.

To prevail on a claim of negligent infliction of emotional distress, the plaintiff must prove that the defendant knew or should have known that its conduct involved an unreasonable risk of causing emotional distress and that the distress, if it was caused by that defendant, might result in illness or bodily harm. Thomas v. Saint Francis Hosp. and Med. Ctr., 990 F. Supp. 81, 91 (D. Conn. 1998), (citing Montinieri v. Southern New England Telephone Co., 175 Conn. 337, 345 (1978)).

2

The mere termination of employment, even where it is wrongful, is not by itself enough to sustain a claim for negligent infliction of emotional distress. Parsons v. United Techs. Corp., 243 Conn. 66, 88-89 (1997). A plaintiff must prove that the manner of his termination was different in a way from the usual termination of employment, or that it was done in a way that would cause anything more than the normal distress that would ordinarily result from a termination. Chieffalo v. Norden Sys., Inc., 49 Conn. App. 474, 480-481 (1998). Negligent infliction of emotional distress requires egregious conduct that is inconsiderate, humiliating or embarrassing to plaintiff and that transcends merely insulting behavior; unreasonable conduct in the context of an employment termination could include falsely accusing a plaintiff of misconduct or publicizing false reasons for a plaintiff's termination. Battistoni v. Lakeridge Tax Dist., 2008 WL 2746080,*4 (Conn. Super. Ct. 2008).

In this instance, plaintiff asserts as unreasonable conduct: (1) his wrongful suspension for "failure to perform" his employment duties, when his failure to complete his assignments was due to malfunctioning meter guns; (2) Fred Costanza's alleged statement that plaintiff was terminated because he was viewed as being unable to do his job; (3) unpleasant conversations about his medical condition with Costanza; and (4) demotions in his employment positions. The comments criticizing plaintiff's work capability constitute potentially insulting conduct that does not rise to the egregious level required for negligent infliction of emotional distress. Further, the conversations with Costanza regarding his medical condition and his reinstatement into allegedly demoted positions do not support his claim of negligent infliction of emotional distress because such conduct does not relate to an actual termination process.

3

Accordingly, the Court will grant summary judgment in defendant's favor on the claim of negligent infliction of emotional distress.

### Intentional Infliction of Emotional Distress

Plaintiff asserts that defendant's conduct toward him was extreme and outrageous so as to impose liability for intentional infliction of emotional distress.

Liability for intentional infliction of emotional distress requires conduct exceeding all bounds of decent society and which is calculated to cause, and does cause, mental distress of a very serious kind. DeLaurentis v. New Haven, 220 Conn. 225, 266-67 (1991). Plaintiff must prove: (1) that defendant intended to inflict emotional distress or that it knew or should have known that emotional distress was the likely result of the conduct; (2) that the conduct was extreme and outrageous; (3) that the conduct was the cause of plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. Carrol v. Allstate Ins. Co., 262 Conn. 433, 442 (2003). Generally, conduct that is merely insulting is insufficient to form the basis for a claim of intentional infliction of emotional distress. Angiolillo v. Buckmiller, 102 Conn. App. 697, 706 (2007).

In this instance, plaintiff's claim is premised on conduct that he found unpleasant or insulting. However, no evidence indicates that defendant intentionally treated plaintiff in an egregious manner that would give rise to intentional infliction of emotional distress. Summary judgment will be granted on this claim.

### CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for reconsideration [Doc. # 73]. The Court VACATES its declination of supplemental

jurisdiction over plaintiff's state law claims. The Court hereby GRANTS summary judgment in defendant's favor on plaintiff's claims of CFEPA violations, negligent infliction of emotional distress and intentional infliction of emotional distress.

Dated at Bridgeport, Connecticut, this __3rd_ day of November, 2008.

/s/
Warren W. Eginton
Senior United States District Judge